UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEROME SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>LUIS ARNULFO PEREZ, PASCHALL TRUCK LINES, INC., JOHN DOE, and JOHN DOE CORPORATION,<br><br>Defendants. | Civil Action No.<br><br>_____<br><br>[On Removal From the State Court of Clayton County, Georgia, Civil Action No. 2022CV01537] |

## NOTICE OF REMOVAL TO FEDERAL COURT

COMES NOW Defendants Luis Arnulfo Perez ("Perez") and Paschall Truck Lines, Inc. ("PTL") (collectively "Defendants") and file this Notice of Removal to Federal Court, showing they have complied with the procedures for removal and setting forth a short and plain statement that removal in this case is proper pursuant to 28 U.S.C. §§1332, 1441, and 1446.

1.

The jurisdictional basis for this removal is 28 U.S.C. §1332 because (a) there is complete diversity of citizenship between Plaintiff and Defendants, and (b) the

amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

2.

Perez and PTL are named Defendants in a civil action brought in the State Court of Clayton County, Georgia entitled <u>Jerome Scott v. Luis Arnulfo Perez, Paschall Truck Lines, Inc., John Doe, and John Doe Corporation</u>, Civil Action File No. 2022CV01537 (hereinafter "the Action"). The Action was filed on or about July 14, 2022. Perez was purported to have been served on July 19, 2022 and PTL was purported to have been served on July 27, 2022.

3.

Copies of all process, pleadings, and orders served in the Action are attached hereto as Ex. A.

4.

This lawsuit arises out of a motor vehicle accident that occurred in a parking lot on July 22, 2020 in Bradley County, Tennessee. (Complaint, ¶¶ 6, 10). The Complaint alleges that Plaintiff Jerome Scott was injured when the trailer of a PTL truck being operated by Defendant Perez backed into a parked tractor in which Plaintiff was sleeping. (Complaint, ¶¶ 10 - 12, 16). The Complaint alleges that Defendant Perez was negligent in the operation of his vehicle at the time of the

parking lot accident, and also asserts claims for vicarious liability against PTL, and seeks attorneys' fees against both Defendants. (Complaint, Counts I, II, IV).

5.

The controversy between Plaintiff and Defendants is one between citizens of different states: (a) Plaintiff is a citizen and resident of Georgia (Complaint, ¶ 1); (b) Defendant Perez is a citizen of Texas and resides in Nixon, Texas (Complaint, ¶¶ 2 - 3); (c) Defendant PTL is a Kentucky corporation with its principal place of business located in Murray, Kentucky. (Complaint, ¶ 4).[1]

6.

As to the amount in controversy requirement of 28 U.S.C. §1332, Plaintiff alleges that past medical expenses and lost wages incurred by him exceed $185,000. (Complaint, Count III). Plaintiff seeks to recover the full amount of these claimed past medical expenses and lost wages, and also seeks to recover damages for alleged future medical expenses, future lost wages, diminished

---

[1] While the Complaint also purports to name "John Doe" and "John Doe Corporation" as Defendants, their citizenship is disregarded for purposes of determining removal based on diversity jurisdiction. "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictious names shall be disregarded." 28 U.S.C. § 1441(b)(1); see also Smith v. Comcast Corp., 786 Fed. App'x 935, 939 (11th Cir. 2019); Farrow v. Securian Fin. Group, 2020 U.S. Dist. LEXIS 143061, 2020 WL 4557790 (N.D. Ga., Feb. 26, 2020)

capacity to labor, and mental and physical pain and suffering. (Complaint, Count III and "Wherefore" Paragraph/Prayer for Relief (a), (b), (c)). Plaintiff also seeks an award of attorneys' fees. (Complaint, Count IV and "Wherefore" Paragraph/Prayer for Relief (d)). Accordingly, Defendants respectfully assert that the alleged injuries and damages of Plaintiff satisfy the amount in controversy requirement. See 28 U.S.C. § 1446(c)(2)(B); *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 745, 770 (11th Cir. 2010).

7.

Thus, there is diversity of citizenship between Plaintiffs and Defendants, who are not citizens of the State of Georgia. Also, based on the allegations in Plaintiffs' Complaint, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Accordingly, the United States District Court for the Northern District of Georgia has original jurisdiction over the Action and removal to this Court is proper under 28 U.S.C. § 1441(a).

8.

This Notice of Removal to Federal Court is timely filed pursuant to 28 U.S.C. § 1446, et seq. within thirty (30) days after receipt and service of the Complaint. This Notice of Removal to Federal Court is properly filed in the United States District Court for the Northern District of Georgia, Atlanta Division,

because it is the district and division embracing the place where the Action is pending. 28 U.S.C. § 1441(A). Written notice of the Notice of Removal to Federal Court is being contemporaneously filed with the Clerk of the State Court of Clayton County and served as required by 28 U.S.C. § 1446(d).

WHEREFORE, having shown that this case is properly removable, Defendants give notice pursuant to 28 U.S.C. §1446(a) that the Action pending in the State Court of Clayton County, Georgia, Civil Action No. 2022CV01537, is removed to the United States District Court for the Northern District of Georgia, Atlanta Division, and respectfully request that this Court exercise jurisdiction over this case.

Respectfully submitted this 17th day of August, 2022.

**HAWKINS PARNELL & YOUNG, LLP**

303 Peachtree Street, NE
Suite 4000
Atlanta, GA 30303
Phone: 404.614.7400
Fax: 404.614.7500

By: *s/David H. Wilson*
William H. Major, III
Georgia Bar No. 466750
David H. Wilson
Georgia Bar No. 767774
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE AND

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1C

This is to certify that I have this day, served counsel for all parties in this action with a copy of the foregoing NOTICE OF REMOVAL TO FEDERAL COURT by electronic filing and by depositing in the United States Mail, a copy of same in an envelope with adequate postage thereon, addressed as follows:

Kevin A. Leipow, Esq.<br>
The Law Firm of Leipow & Associates, P.C.<br>
235 Peachtree St., NE<br>
North Tower, Suite 400<br>
Atlanta, GA 30303

I further certify pursuant to Rule 7.1 of the Local Rules for the Northern District of Georgia that this document has been prepared in "Times New Roman" font, 14 point, as required by Local Rule 5.1(C).

This 17th day of August, 2022.

**HAWKINS PARNELL & YOUNG, LLP**

303 Peachtree Street, NE  By: _s/David H. Wilson_
Suite 4000                     William H. Major III
Atlanta, GA 30303              Georgia Bar No. 466750
Phone: 404.614.7400            David H. Wilson
Fax: 855.889.4588              Georgia Bar No. 767774
                               *Attorneys for Defendants*