# Exhibit A

**2022CV01637**

e-Filed 7/14/2022 4:31 PM

## General Civil and Domestic Relations Case Filing Information Form

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia

☐ Superior or ☒ State Court of ___CLAYTON___ County

| For Clerk Use Only | |
|---|---|
| Date Filed 7/14/2022 | Case Number 2022CV01637 |
| MM/DD/YYYY | |

**Plaintiff(s)**

SCOTT, JEROME

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

PEREZ, LUIS A.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

PASCHALL TRUCK LINES, INC.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

JOHN DOE

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

JOHN DOE CORPORATION

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Kevin A. Leipow       **Bar Number** 300163       **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
- ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
Case Number                              Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.18

2022CV01637

e-Filed 7/14/2022 4:31 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Wauketia Lawrence

## IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

JEROME SCOTT

Plaintiff

Vs.

2022CV01537

Case Number

LUIS ARNULFO PEREZ, PASCHALL

TRUCK LINES, INC., JOHN DOE and

JOHN DOE COPORATION

Defendant

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S): Luis Arnulfo Perez, 406 South Spring Ave., Nixon, TX 78140
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

> Kevin A. Leipow, Esq.
> Leipow & Associates, P.C.
> 235 Peachtree St., N.E.
> North Tower, Ste. 400
> Atlanta, GA 30303

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

W.Lawrence
By:_____
Deputy Clerk

2022CV01537

e-Filed 7/14/2022 4:31 PM

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

| JEROME SCOTT |
| --- |
| |
| |

Plaintiff

Vs.

| LUIS ARNULFO PEREZ, PASCHALL |
| --- |
| TRUCK LINES, INC., JOHN DOE and |
| JOHN DOE COPORATION |

Defendant

2022CV01537
_____
Case Number

## SUMMONS

Paschall Truck Lines, Inc.

TO THE ABOVE NAMED DEFENDANT(S): c/o Adam Holshouser, 661 Forest Parkway, Ste. A, Forest Park GA 30297
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

Kevin A. Leipow, Esq.
Leipow & Associates, P.C.
235 Peachtree St., N.E.
North Tower, Ste. 400
Atlanta, GA 30303

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

W. Lawrence
By:_____
Deputy Clerk

2022CV01537

e-Filed 7/14/2022 4:31 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JEROME SCOTT,<br>    Plaintiff, | )<br>)<br>) |
| | ) |
| v. | )   CIVIL ACTION<br>)   FILE NO. 2022CV01537 _____ |
| | ) |
| LUIS ARNULFO PEREZ,<br>PASCHALL TRUCK LINES, INC.<br>JOHN DOE, and<br>JOHN DOE CORPORATION<br>    Defendants. | )<br>)<br>)<br>)<br>) |

### COMPLAINT FOR DAMAGES

COMES NOW, JEROME SCOTT, by and through their attorney at law, and files this **Complaint for Damages** against the above-named Defendants, and shows the Court the following in support:

### PARTIES AND JURISDICTION

1.      Plaintiff JEROME SCOTT (hereinafter "Plaintiff") is a resident of the State of Georgia.

2.      Defendant LUIS ARNULFO PEREZ (hereinafter "Defendant Perez") may be served with this Complaint, Summons, and process at their last known residence: 406 South Spring Avenue, Nixon, TX 78140 and/or by service upon the Georgia Secretary of State as provided under O.C.G.A. § 40-12-2.

3.      Defendant Perez is a non-resident of the State of Georgia and is therefore subject to the jurisdiction and venue of this Court pursuant to O.C.G.A § 40-12-3.

4.      Defendant PASCHALL TRUCK LINES, INC. (hereinafter "Defendant Paschall") is a foreign profit corporation or other entity organized under the laws of Kentucky doing business in Georgia with a principal place of business at 3443 US Highway 641 S, Murray, KY 42071, and a registered agent in Georgia listed as Adam Holshouser, 661 Forest Parkway, Suite A, Forest Park, GA 30297. Service may be made upon Defendant Paschall through its registered agent Adam Holshouser, 661 Forest Parkway, Suite A, Forest Park, GA 30297.

5.      Defendant Paschall is subject to jurisdiction and venue of this Court pursuant to O.C.G.A. §§ 9-10-91 (1), (2), (4); 9-10-31(b); 14-2-510(b)(1), (3); and GA. Const. Ar. VI, § II, Para. VI.

2022CV01537

6.    The location of the tortious act and injury complained of herein is Bradley County, State of Tennessee.

7.    Defendant John Doe is an unknown individual that is fully or partially responsible for Plaintiff's injuries complained of herein and is subject to the jurisdiction and venue of this court.  Hereinafter, all references to Defendant Perez shall incorporate "and/or John Doe" as if fully set forth herein, *infra*.

8.    Defendant John Doe Corporation is an unknown corporation that is fully or partially responsible for Plaintiff's injuries complained under theories of vicarious liability *respondeat superior*, agency, or imputed liability herein and are subject to the jurisdiction and venue of this court.  Hereinafter, all references to Defendant Paschall shall incorporate "and/or John Doe Corporation" as if fully set forth herein, *infra*.

9.    Jurisdiction and venue are proper in this matter as contemplated by O.C.G.A. §§ 9-10-30 and 9-10-31 and Ga. Const. Art. VI, § II, Para. IV.

## BACKGROUND

10.    On or about July 22, 2020, at approximately 1:46 P.M., Plaintiff was an occupant in a 2017 WABA tractor, parked in a private lot located at 281 Pleasant Grove Rd., Cleveland, Bradley County, Tennessee.

11.    Plaintiff was asleep in the sleeping compartment of his vehicle.

12.    On or about the same date and time, Defendant Perez was driving a 2018 Freightliner tractor and was traveling in reverse in the private lot located at 281 Pleasant Grove Rd., Cleveland, Bradley County, Tennessee.

13.    At all times relevant hereto, Defendant Perez, upon information and belief, was an employee of Defendant Paschall and was acting in the course, scope and purpose of his employment.

14.    Defendant Perez's vehicle struck Plaintiff's vehicle.

15.    Defendant Perez was distracted and failed to notice that his vehicle was approaching Plaintiff's vehicle, and caused their vehicle to strike the Plaintiff's vehicle.

16.    As a result of the aforementioned collision, Plaintiff suffered serious injuries to their person.

17.    A true and accurate copy of the incident report of the aforementioned collision is attached hereto as "Exhibit A."

18.    Defendant Perez was found to be at fault by Officer Jarren Turpeinen of the City of Cleveland Police Department, who responded to the scene of the collision.

2022CV01537

## COUNT I – NEGLIGENCE OF DEFENDANT PEREZ

19.    Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1-19 above as if fully restated.

20.    Defendant Perez owed a duty of care to others to drive in a safe manner.

21.    Defendant Perez breached that duty by driving in an unsafe manner.

22.    The breach of the duty of care by Defendant Perez was the proximate cause of injuries to Plaintiff.

## COUNT II – VICARIOUS LIABILITY

23.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 22 above as if fully restated.

24.    At all times relevant to this action, Defendant Perez was acting in his individual capacity and/or was an employee and agent of Defendant Paschall, and was acting within the scope of his employment and agency.

25.    Defendant Paschall is responsible for the conduct of Defendant Perez under the doctrine of *respondeat superior*, agency, or apparent agency.

## COUNT III – DAMAGES

26.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 25 above as if fully restated.

27.    As a result of this incident, Plaintiff has suffered injuries to his person.

28.    Special damages for past medical expenses and lost wages incurred by Plaintiff as a result of the Defendants' negligence include and exceed $185,000.00.

29.    Plaintiff has suffered past and future conscious pain and suffering as a result of the injuries caused by the Defendants.

30.    Plaintiff has suffered a diminished capacity to labor as a result of the injuries caused by the Defendants.

## COUNT IV – ATTORNEY'S FEES UNDER GEORGIA LAW

31.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 30 above as if fully restated.

2022CV01837

32.     Defendants have acted in bad faith, been stubbornly litigious, and have caused the Plaintiffs unnecessary trouble and expense.   Accordingly, Plaintiff is entitled to recover all reasonable attorney's fees incurred in pursuing this action in accordance with O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff prays that Plaintiff be given a trial by jury on all issues and judgement against Defendants as follows:

      a. That Plaintiff recover the full value of past and future medical expenses in an amount to be proven at trial;

      b. That Plaintiff recover for mental and physical pain and suffering in an amount to be determined by the enlightened conscience of the jury;

      c. That Plaintiff recover the full value of past and future lost wages and diminished capacity to labor in an amount to be proven at trial;

      d. That Plaintiff be awarded all of Plaintiff's costs, expenses, and reasonable attorney's fees incurred with bringing this lawsuit;

      e. That Plaintiff recover all such other and further relief as is just and proper; and

      f. That all issues be tried by a jury of twelve (12), which is hereby demanded.

Respectfully submitted, this the 14th day of July, 2022.

The Law Firm of Leipow & Associates, P.C.

/s/ Kevin A. Leipow
**Kevin A. Leipow, Esq.**
Georgia Bar No. 300163
*Counsel for Plaintiff*

235 Peachtree St., N.E.
North Tower, Suite 400
Atlanta, GA 30303
P: 404.581.3642; F: 404.526.8855
kal@leipowlaw.com

09/24/2021  10:34   7703867900          THE UPS STORE          PAGE  01/05
                                         2022CV01537

Accepted Date   7/23/2020 12:26 AM
Generated Date  7/23/2020 12:28 AM
Report Form Level  3



| Master Record Number | 300639198 |
| Type Of Crash | Property Damage |
| Approved By | BStovall |

# Tennessee Electronic Traffic Crash Report

## Incident Information

| Date of Crash | Day Of Crash | Local Agency Number | Reporting Agency Name | | Agency Tracking Number |
|---|---|---|---|---|---|
| 7/22/2020 | Wednesday | 0080100 | Cleveland Police Dept | | 2020-0031800 |

| Time of Crash | Time Notified | Time Arrived | County | | City |
|---|---|---|---|---|---|
| 13:46 | 13:59 | 13:59 | Bradley | | Cleveland |

| Total Vehicles | Total Occupants | Total Non-Occupants | | School Bus Involved | Total Killed | | | Total Injured | Total Uninjured |
|---|---|---|---|---|---|---|---|---|---|
| 2 | 2 | 0 | | No | 0 | | | 0 | 2 |

| Hit and Run | Solved | Police Pursuit | School Bus Involved | Photos Taken | By | Photographer Name |
|---|---|---|---|---|---|---|
| No | No | No | No | Yes | Police | J. Turpeinen |

| Area | | Interchange Related | Intersection Type |
|---|---|---|---|
| Business | | No | Not at Intersection |

| Block Number | Roadway Number | | Roadway Name | | Suffix | Mile Marker |
|---|---|---|---|---|---|---|
| 281 | SR281 | | Pleasant Grove Rd Sw | | | 0.00 |

| Estimated Distance | Distance Type | Direction | From Highway/Intersection | | Suffix | Intersect Number |
|---|---|---|---|---|---|---|
| 1000.00 | Feet | South | Pleasant Grove | | RD | |

| Roadway Local Id | Intersect Local Id |
|---|---|
| | |

| Relation To Junction | Relation to Roadway | Route Signing |
|---|---|---|
| Non-Junction | Parking Lot or Private Property | Other |

| Work Zone | Construction Zone |
|---|---|
| None | |

| Construction Location | Workers Present |
|---|---|
| | No |

| First Harmful Event | Trafficway Type |
|---|---|
| Motor Vehicle-In-Transport On Same Roadway | Parking Lot |

| Weather Conditions | Light conditions | Latitude | Longitude | Rail Crossing Id |
|---|---|---|---|---|
| Clear | Daylight | 35.162790 | -84.959160 | |

| Manner of Collision |
|---|
| Angle |

| 1st Collision Factor | 2nd Collision Factor | 3rd Collision Factor |
|---|---|---|
| | | |

## Incident Management

| Secondary Crash | Secondary Crash Type | Stoppage Occurred |
|---|---|---|
| | | |

| Roadway / Lanes Blocked | Roadway Lanes/ Cleared |
|---|---|
| | |

| Lanes Blocked | |
|---|---|
| | |

| Incident Started | Incident Cleared |
|---|---|
| | |

## Investigating Officer Details

| Investigation Complete | Rank | First Name | Middle Initial | Last Name | Suffix |
|---|---|---|---|---|---|
| Yes | Officer | Jarran | | Turpeinen | |

| Badge Number | District/Zone | Car Number | Report Date |
|---|---|---|---|
| 373 | 2D418 | 9738 | 07/22/2020 |

"Exhibit A"

| | Number of Occupants | 2022CV1597 | Driver Presence |
|---|---|---|---|
| | 1 | | Driver Operated |

## Driver Information

| First Name Lula | | Middle Initial Arnulfo | Last Name Perez | | | Suffix | Date Of Birth 1998 | Age 21 |
|---|---|---|---|---|---|---|---|---|
| Address Line 1 405 S Spring Ave | | Address Line 2 | | City Nixon | | State TX | | Zip Code 78140 |
| Phone 1 Unknown | Phone 2 | Phone 3 2858 | Race Caucasian\|Mexican\|Puerto Rican\|Other White | | Ethnicity Non-Hispanic | | | Gender M |
| Drivers License Number 8423 | | Drivers License State TX | | Expiration Date 2025 | Drivers License Class A | | Drivers License Status Valid | |
| Safety Equipment Shoulder And Lap Belt Used | | | | Airbag Not Available | | Seat Position Front Seat-Left Side | | |
| Endorsement 1 None | | Complied With Yes | Endorsement 2 | | Complied With | Endorsement 3 | | Complied With |
| Restriction 1 None | | Complied With Yes | Restriction 2 | | Complied With | Restriction 3 | | Complied With |
| Ejected Not Ejected | | Ejection Path Not Ejected/Not Applicable | | | | Trapped/Extricated Not Trapped | | |
| Injury Code No Injury | | Medical Transport Not Transported | Ambulance/Hospital | | | | | EMS Run# |

## Driver Conditions and Actions

| Hit and Run No Hit And Run | Driver/Vehicle Maneuver Backing Up Other Than Parking | Distraction None |
|---|---|---|
| Driver's 1st Condition Appeared Normal | Driver's 2nd Condition | Driver's 3rd Condition |
| Driver's 1st Action Inattentive-Eating, Reading, Talking, Etc | | Drivers 2nd Action |
| Driver's 3rd Action | | Driver's 4th Action |

## Alcohol and Drugs

| Officer Suspect Alcohol Use No | | Determination Method Observed | | Alcohol Test Status Test Not Given | | |
|---|---|---|---|---|---|---|
| 1st Alcohol Test Type Not Tested | | 1st Alcohol Test Result None Given | 2nd Alcohol Test Type | | 2nd Alcohol Test Result | |
| Officer Suspect Drug Use No | | Determination Method Observed | | Drug Test Status Test Not Given | | |
| 1st Drug Test Type Not Tested For Drugs | 1st Drug Test Result No Drug Reported | 2nd Drug Test Type | 2nd Drug Test Result | 3rd Drug Test Type | | 3rd Drug Test Result |

## Driver Violations

| 1st Violation | 1st Violation Category | 1st Violation Description | 1st Violation Statute |
|---|---|---|---|
| 2nd Violation | 2nd Violation Category | 2nd Violation Description | 2nd Violation Statute |
| 3rd Violation | 3rd Violation Category | 3rd Violation Description | 3rd Violation Statute |
| 4th Violation | 4th Violation Category | 4th Violation Description | 4th ViolationStatute |
| 5th Violation | 5th Violation Category | 5th Violation Description | 5th ViolationStatute |

09/24/2021  10:34    7703867900              THE UPS STORE                    PAGE  03/05
                                             2022CV01637

## Vehicle Information

| Owner Same as Driver | Owner First Name | | Owner Middle Name | | Owner Last Name | | Owner Suffix |
|---|---|---|---|---|---|---|---|
| No | Trust | | | | Daimler | | |

| Address Line 1 | | Address Line 2 | | City | | State | Zip Code | Phone 1 |
|---|---|---|---|---|---|---|---|---|
| 200 Seaboard Ln | | | | Franklin | | TN | 37067 | Unknown |

| Phone 2 | Phone 3 | | Vehicle Year | Vehicle Make | | Vehicle Model | | Color |
|---|---|---|---|---|---|---|---|---|
| | | 2855 | 2018 | FRHT | | AA | | White |

| VIN | | License Plate Number | State | | Plate Expiration | | Body Style |
|---|---|---|---|---|---|---|---|
| | 0881 | 74HY | Tennessee | | 112020 | | Truck-Tractor (Cab only or any number of trailing units) |

| HAZMAT? | FMCSA Reportable? | Bus Use | | Unit Type |
|---|---|---|---|---|
| No | No | Not Used As School Bus | | Motor Vehicle In-Transport |

| Gross Weight | Vehicle Configuration |
|---|---|
| 26001 or Greater | |

| Vehicle Operation Type | Cargo Body Type |
|---|---|
| Commercially Owned/Used | |

| 1st Factor | 2nd Factor | 3rd Factor |
|---|---|---|
| NONE | | |

| Vehicle Special Use | Emergency Use | Override/Underride |
|---|---|---|
| No Special Use | No | No Underride-Override |

| Towed | Towed Location |
|---|---|
| Remained At Scene | |

| 1st Trailer | 1st Trailer License Plate Information | 2nd Trailer | 2nd Trailer License Information |
|---|---|---|---|
| Semi Trailer All Types | | | |

| Insurance 1 | Insurance 1 Type | Insurance 1 Carrier | Insurance 1 Start Date | Insurance 1 End Date |
|---|---|---|---|---|
| 120 | Owner | American Transport and Trucking | | |

| Insurance 2 | Insurance 2 Type | Insurance 2 Carrier | Insurance 2 Start Date | Insurance 2 End Date |
|---|---|---|---|---|
| | | | | |

| Insurance 3 | Insurance 3 Type | Insurance 3 Carrier | Insurance 3 Start Date | Insurance 3 End Date |
|---|---|---|---|---|
| | | | | |

## Vehicle Damage and Roadway Characteristics

| Most Harmful Event | | | Fire in Vehicle |
|---|---|---|---|
| Motor Vehicle-In-Transport On Same Roadway | | | No |

| Events 1 | Events 2 | Events 3 |
|---|---|---|
| Motor Vehicle-In-Transport On Same Roadway | | |

| Events 4 | Events 5 | Events 6 |
|---|---|---|
| | | |

| Point of First Impact | Extent of Damage | Officer Damage Estimate |
|---|---|---|
| Right Side-Near Rear | Functional Damage | Greater Than Threshold |

| Areas of Vehicle Damage |
|---|
| Right Side-Near Rear, Right Side-Center |

| Travel Direction | Traveling On |
|---|---|
| South | 291 Pleasant Grove Rd Sw |

| Trafficway Flow | Roadway Surface Type | Number of Travel Lanes |
|---|---|---|
| One-Way Trafficway | Asphalt | One Lane |

| Trafficway Hazards |
|---|
| None |

| Traffic Control Devices | Traffic Control Device Functioning | Roadway Route Signing |
|---|---|---|
| No Control | No Controls | Other |

| Roadway Surface Conditions | Roadway Character Alignment | Roadway Character Profile |
|---|---|---|
| Dry | Straight | Level |

| Speed Limit | Access control |
|---|---|
| 0 | No Control |

## Commercial Carrier Information

| US DOT | Carrier Name | | Carrier Type | | ICC MC | TN DOS |
|---|---|---|---|---|---|---|
| | | | | | | |

| Address Line 1 | | Address Line 2 | | City | | State | Zip Code | Phone |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| 1st Hazardous Materials | HAZMAT Class | Placard | Placard # | Released | Hazardous Materials Released |
|---|---|---|---|---|---|
| | | | | | |

| 2nd Hazardous Materials | HAZMAT Class | Placard | Placard # | Released | Hazardous Materials Released |
|---|---|---|---|---|---|
| | | | | | |

| 3rd Hazardous Materials | HAZMAT Class | Placard | Placard # | Released | Hazardous Materials Released |
|---|---|---|---|---|---|
| | | | | | |

SF - 1481 (Rev 7/15)                    3    of    6                          RDA 1348

2022CV01537

| Number of Occupants | Driver Presence |
|---|---|
| 1 | Driver Operated |

## Driver Information

| First Name | | Middle Initial | Last Name | | | Suffix | Date Of Birth | Age |
|---|---|---|---|---|---|---|---|---|
| Jerome | | Gregory | Scott | | | | 1966 | 54 |

| Address Line 1 | | Address Line 2 | | City | | State | | Zip Code |
|---|---|---|---|---|---|---|---|---|
| 28 Habersham Cir Ne | | | | Cartersville | | GA | | 30121 |

| Phone 1 | Phone 2 | Phone 3 | Race | | Ethnicity | | Gender |
|---|---|---|---|---|---|---|---|
| Unknown | | 8253 | Black or African American | | Non-Hispanic | | M |

| Drivers License Number | | Drivers License State | | Expiration Date | Drivers License Class | | Drivers License Status |
|---|---|---|---|---|---|---|---|
| 2977 | | GA | | 2021 | A | | Valid |

| Safety Equipment | Airbag | Seat Position |
|---|---|---|
| Shoulder And Lap Belt Used | Not Available | Front Seat-Left Side |

| Endorsement 1 | Complied With | Endorsement 2 | Complied With | Endorsement 3 | Complied With |
|---|---|---|---|---|---|
| None | Yes | | | | |

| Restriction 1 | Complied With | Restriction 2 | Complied With | Restriction 3 | Complied With |
|---|---|---|---|---|---|
| None | Yes | | | | |

| Ejected | Ejection Path | Trapped/Extricated |
|---|---|---|
| Not Ejected | Not Ejected/Not Applicable | Not Trapped |

| Injury Code | Medical Transport | Ambulance/Hospital | EMS Run# |
|---|---|---|---|
| No Injury | Not Transported | | |

## Driver Conditions and Actions

| Hit and Run | Driver/Vehicle Maneuver | Distraction |
|---|---|---|
| No Hit And Run | Parked | None |

| Driver's 1st Condition | Driver's 2nd Condition | Driver's 3rd Condition |
|---|---|---|
| Appeared Normal | | |

| Driver's 1st Action | Drivers 2nd Action |
|---|---|
| None | |

| Driver's 3rd Action | Driver's 4th Action |
|---|---|
| | |

## Alcohol and Drugs

| Officer Suspect Alcohol Use | Determination Method | Alcohol Test Status |
|---|---|---|
| No | Observed | Test Not Given |

| 1st Alcohol Test Type | 1st Alcohol Test Result | 2nd Alcohol Test Type | 2nd Alcohol Test Result |
|---|---|---|---|
| Not Tested | None Given | | |

| Officer Suspect Drug Use | Determination Method | Drug Test Status |
|---|---|---|
| No | Observed | Test Not Given |

| 1st Drug Test Type | 1st Drug Test Result | 2nd Drug Test Type | 2nd Drug Test Result | 3rd Drug Test Type | 3rd Drug Test Result |
|---|---|---|---|---|---|
| Not Tested For Drugs | No Drug Reported | | | | |

## Driver Violations

| 1st Violation | 1st Violation Category | 1st Violation Description | 1st Violation Statute |
|---|---|---|---|
| 2nd Violation | 2nd Violation Category | 2nd Violation Description | 2nd Violation Statute |
| 3rd Violation | 3rd Violation Category | 3rd Violation Description | 3rd Violation Statute |
| 4th Violation | 4th Violation Category | 4th Violation Description | 4th ViolationStatute |
| 5th Violation | 5th Violation Category | 5th Violation Description | 5th ViolationStatute |

SF - 1481 (Rev 7/16)     4     of     6     RDA 1348

## Vehicle Information

| Owner Same as Driver | Owner First Name | | Owner Middle Name | | Owner Last Name | | Owner Suffix |
|---|---|---|---|---|---|---|---|
| No | Transport | | | | Covenant | | |

| Address Line 1 | | Address Line 2 | | City | State | Zip Code | Phone 1 |
|---|---|---|---|---|---|---|---|
| 400 Birmingham Hwy | | | | Chattanooga | TN | 37419 | Unknown |

| Phone 2 | Phone 3 | Vehicle Year | Vehicle Make | Vehicle Model | Color |
|---|---|---|---|---|---|
| | 7340 | 2017 | WABA | 1JJ | White |

| VIN | License Plate Number | State | Plate Expiration | Body Style |
|---|---|---|---|---|
| 6414 | 3775 | Tennessee | 122020 | Truck-Tractor (Cab only or any number of trailing units) |

| HAZMAT? | FMCSA Reportable? | Bus Use | Unit Type |
|---|---|---|---|
| No | No | Not Used As School Bus | Motor Vehicle In-Transport |

| Gross Weight | Vehicle Configuration |
|---|---|
| 26001 or Greater | |

| Vehicle Operation Type | Cargo Body Type |
|---|---|
| Commercially Owned/Used | |

| 1st Factor | 2nd Factor | 3rd Factor |
|---|---|---|
| NONE | | |

| Vehicle Special Use | Emergency Use | Override/Underride |
|---|---|---|
| No Special Use | No | No Underride-Override |

| Towed | Towed Location |
|---|---|
| Towed Due To Other Than Damage | Titan Towing |

| 1st Trailer | 1st Trailer License Plate Information | 2nd Trailer | 2nd Trailer License Information |
|---|---|---|---|
| Semi Trailer All Types | | | |

| Insurance 1 | Insurance 1 Type | Insurance 1 Carrier | | Insurance 1 Start Date | Insurance 1 End Date |
|---|---|---|---|---|---|
| AR-02 | Owner | IQS Insurance Risk Retention | | | |
| Insurance 2 | Insurance 2 Type | Insurance 2 Carrier | | Insurance 2 Start Date | Insurance 2 End Date |
| Insurance 3 | Insurance 3 Type | Insurance 3 Carrier | | Insurance 3 Start Date | Insurance 3 End Date |

## Vehicle Damage and Roadway Characteristics

| Most Harmful Event | Fire In Vehicle |
|---|---|
| Motor Vehicle-In-Transport On Same Roadway | No |

| Events 1 | Events 2 | Events 3 |
|---|---|---|
| Motor Vehicle-In-Transport On Same Roadway | | |

| Events 4 | Events 5 | Events 6 |
|---|---|---|
| | | |

| Point of First Impact | Extent of Damage | Officer Damage Estimate |
|---|---|---|
| Right Side-Far Front | Functional Damage | Greater Than Threshold |

| Areas of Vehicle Damage |
|---|
| Right Side-Far Front |

| Travel Direction | Traveling On |
|---|---|
| West | 281 Pleasant Grove Rd Sw |

| Trafficway Flow | Roadway Surface Type | Number of Travel Lanes |
|---|---|---|
| One-Way Trafficway | Asphalt | One Lane |

| Trafficway Hazards |
|---|
| None |

| Traffic Control Devices | Traffic Control Device Functioning | Roadway Route Signing |
|---|---|---|
| No Control | No Controls | Other |

| Roadway Surface Conditions | Roadway Character Alignment | Roadway Character Profile |
|---|---|---|
| Dry | Straight | Level |

| Speed Limit | Access control |
|---|---|
| 0 | No Control |

## Commercial Carrier Information

| US DOT | Carrier Name | | Carrier Type | ICC MC | TN DOS |
|---|---|---|---|---|---|
| Address Line 1 | | Address Line 2 | City | State | Zip Code | Phone |

| 1st Hazardous Materials | HAZMAT Class | Placard | Placard # | Released | Hazardous Materials Released |
|---|---|---|---|---|---|
| 2nd Hazardous Materials | HAZMAT Class | Placard | Placard # | Released | Hazardous Materials Released |
| 3rd Hazardous Materials | HAZMAT Class | Placard | Placard # | Released | Hazardous Materials Released |

SF - 1481 (Rev 7/15)                          5      of      5                          RDA 1348

2022CV01537

e-Filed 7/14/2022 4:31 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Waukecia Lawrence

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

JEROME SCOTT                )
    Plaintiff,                )
                    )    CIVIL ACTION
v.                             )    FILE NO. 2022CV01537
                    )
LUIS ARNULFO PEREZ,                )
PASCHALL TRUCK LINES, INC.                )
JOHN DOE, and                )
JOHN DOE CORPORATION                )
    Defendants.                )

### PLAINTIFF'S FIRST INTERROGATORIES, REQUESTS FOR ADMISSION AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LUIS ARNULFO PEREZ

### ** SERVED WITH COMPLAINT **

    1.    Plaintiff hereby requests that defendant answer in writing and under oath the following Interrogatories within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-33. In responding, defendant is requested to furnish such information as is available to each defendant. To the extent any information called for is objected to is upon a claim of privilege, you must provide enough information for the Court to adjudicate your claim of privilege, including a "privilege log."

    2.    Plaintiff hereby requests that Defendant answer in writing and under oath the following Requests for Admission within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36.

    3.    Plaintiff further requests that Defendant produce the following documents pursuant to O.C.G.A. § 9-11-34 within forty-five (45) days from the date of service hereof at The Law Office of Kevin A. Leipow, P.C., 235 Peachtree St., NE, North Tower, Suite 400, Atlanta, GA 30303. Where not produced prior, Plaintiff requests that Defendant produce the following documents pursuant to O.C.G.A. §9-11-34 at The Law Office of Kevin A. Leipow, P.C., 235 Peachtree St., NE, North Tower, Suite 400, Atlanta, GA 30303 specifically at 2 p.m. on September 15th, 2022 or at such other time, date, and location agreed to by counsel for defendant(s) and the undersigned counsel, and to serve a written response hereto within forty-five (45) days from the date of service hereof.

    4.    Plaintiff hereby instructs and requests that defendant review and adhere to the Definition of Terms and Instructions provided herein.

2022CV01637

## I.    DEFINITION OF TERMS

When used in these discovery requests, the following terms shall have the following meanings:

A.    **"You"** and/or **"your"** shall refer to LUIS ARNULFO PEREZ.

B.    **"Plaintiff"** shall refer to JEROME SCOTT.

C.    **"Defendant Perez"** shall refer to LUIS ARNULFO PEREZ.

D.    **"Defendant Paschall"** shall refer to PASCHALL TRUCK LINES, INC. and includes any of its current or former agents, employees, representatives, attorneys, officers, directors, divisions, and departments.

E.    **"Subject Incident"** shall mean the collision incident referenced in the Complaint which occurred on or about July 22, 2020.

F.    **"Subject Area"** shall refer to the private lot located at 281 Pleasant Grove Rd., Cleveland, Bradley County, Tennessee, where the Subject Incident occurred. See Incident Report attached to the Complaint.

G.    **"Date"** shall mean the exact day, month, and year, if ascertainable, or, if not, the best approximation thereof (including relationship to other events).

H.    **"Document"** means any written, recorded, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes agreements; contracts; letters; telegrams; inter-office communications; correspondence; statements; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.

The term **"document"** also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term **"document"** includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation on the term **"control"** as used in the preceding paragraph, a document

is deemed to be in your control if you have the right to secure the document or a copy thereof from another person.

      I.     **"Communication"** means any disclosure, transfer, or exchange of data, information or opinion, however made.

      J.     **"Person"** means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

      K.     **"Relating to"** means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

      L.     **"Identify"** or **"Identity"** means to state or a statement of:

      a.     in the case of a person other than a natural person, its name, the address of its principal place of business (including zipcode), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zipcode), that other person's telephone number, and the name of that other person's chief executive officer;

      b.     in the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

      c.     in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

      d.     in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

      e.     in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

      M.     **Gender**. Use of any terms denominating gender shall be construed to include both the masculine and the feminine.

      N.     **Reference to any entity** includes its present and former subsidiaries, affiliates, divisions, joint ventures, partners, present and former officers, present and former directors, present and former employees, present and former advisors, and present and former trustees or

**2022CV01637**

administrators, both individually and collectively, and any person acting or purporting to act on their individual or collective behalf.

O.   **Reference to any individual** includes such individual, his or her employees, agents, and all persons acting or purporting to act on behalf of or in concert with that individual and all persons or entities under his or her control.

P.   **"And"** as well as **"or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any response that might otherwise be construed to be outside their scope.

Q.   The **singular** includes the plural and the plural includes the singular; **"any"** shall mean **"any and all"** and **"all"** shall mean **"all"** and **"any."**

R.   The term **"including"** means **"including without limitation."**

II.   **INSTRUCTIONS**

A.   **CONTINUING.** These Interrogatories, Request for Admissions and Requests for Production of Documents (hereinafter "Discovery Requests") are to be regarded as continuing, and you are requested to provide, by way of supplementary answers, such additional information as you, or any other person in your behalf, may hereafter obtain, which will augment or otherwise modify your answers now given to these discovery requests. Such supplementary answers are to be filed and served upon Plaintiff's counsel within 30 days after receipt of such information, but not later than two (2) weeks preceding the date of Trial.

B.   **ASCERTAINABLE BY YOU.** In answering these Discovery Requests, even though the question may be addressed to "You," you must include both information of which you have personal knowledge or which is available to you and information obtainable by reasonable investigation. This includes information in the possession of or available to any person acting on your behalf or under your control, including your representatives.

C.   **IDENTIFICATION OF POSSESSOR OF INFORMATION.** If all the information furnished in answer to all or any part of any Discovery Request is not within your knowledge, identify each person to whom all or any part of the information furnished is a matter of personal knowledge, and each person who communicated to the affiant any part of the information furnished.

D.   **REFERENCE TO DOCUMENT.** Where any of these Interrogatories or any sub-part thereof may be responsibly and fully answered by the reference to a document, such interrogatory or sub-part may be answered by attaching to your answer a copy of such document, by referring in such answer to such document, and by identifying the paragraph, portion, or provision of the document that fully answers the interrogatory.

E.   **SEPARATE ANSWERS.** Each interrogatory and subpart thereof is to be accorded a separate answer and interrogatories are not to be combined for the purpose of supplying

a common answer thereto.

      **F.**    **LACK OF INFORMATION.** If, after exercising due diligence, you can obtain no information about the subject of a particular Interrogatory, or if for some reason you are unable to answer it, the response to that Interrogatory should specifically so state, and no interrogatory should be without some response. If you have some information responsive to an Interrogatory, but believe that further information not now available to you would also be responsive, you should provide the information you now have and should specifically state when the balance of the information will be provided; the fact that a full answer cannot be given is not a basis for you to fail to provide such information as is available to you at the time of your response to these interrogatories.

      **G.**    **OBJECTIONS.** If you deem any of the following Discovery Requests legally objectionable, in whole or in part, you shall set forth all grounds for the objection in sufficient detail to enable plaintiff and the Court to determine the legal sufficiency of such objection. If you object in part, you shall fully respond to such part or parts of the Discovery Request to which no objection is made.

      **H.**    **DOCUMENTS WITHIN CONTROL.** The Requests for Production of Documents calls for the production of all copies of such documents and any drafts thereof, preliminary or otherwise, which are within the Respondent's possession, custody, or control, or within the possession, custody, or control of any agent, attorney, or other representative of Defendant.

      **I.**    **PRIVILEGE LOG.** In the event that any document requested is withheld on the basis of a claim of privilege, that document shall be identified by setting forth the following information:

     a. The name of the author of the document;
     b. The date of the document;
     c. The name of each person or persons (other than stenographic or clerical assistant) participating in the preparation of the document;
     d. The date on which the document was received by those having possession of the document;
     e. The name and address of each person, if any, to whom the contents of the documents have heretofore been communicated by copy, exhibition, reading, or substantial summarization;
     f. A brief description of the nature of the subject matter of the document;
     g. The statute, rule, or decision which is claimed to give rise to the privilege;
     h. The present custodian and location of the document;
     i. Attachments to the document;
     j. The number of pages, attachments, or appendices comprising the document;
     k. Whether the document is handwritten, typewritten, or otherwise prepared; and
     l. The number of the request to which the document is responsive.

      **J.**    **DOCUMENT NON-PRODUCTION.** If, for reasons other than a claim of

privilege, the Defendant refuses to produce any documents described herein, please state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

**K. DOCUMENT NO LONGER IN POSSESSION.** If any document described herein was, but no longer is, within the Defendant's possession, custody or control, please state in detail:

    a. A summary of the contents of the documents;
    b. What disposition was made of it;
    c. The date of such disposition;
    d. Whether the original or a copy thereof is within the possession, custody or control of any other person, corporation or entity; and
    e. If the answer to (d) is affirmative, the identity of that entity.

---

## III. PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT PEREZ

### YOUR BACKGROUND INFORMATION

    1. State your full name, give your present residence address, date and place of birth, marital status, social security number, the name of your present employer and your job title, the name of your employer on the date of the incident giving rise to this lawsuit, and list all other names by which you have been known throughout your life time, including the dates that you were known by these names.

    2. List every place you have lived for the last ten (10) years by name, address, and dates of residency.

    3. For each driver's license you have had in the past seven years, identify the state of issue, the date of issue, the number and whether or not it was a commercial driver's license.

    4. For each place you have worked (as an employee, independent contractor, leased driver or otherwise) in the past 15 years, provide the following information: name of entity or person for whom you worked; address; dates you worked there; job position; supervisor's name; and the reason you left.

    5. Have you had any medical condition in the past five years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, blood pressure, nervous system, endocrine system, motor skills, sensory abilities, etc.)? If so, describe in detail each condition, who has treated you for the condition, and the nature and dates of these treatments.

    6. Identify each motor vehicle collision(s) that you have been involved in during the

2022CV01637

past fifteen (15) years and for each collision describe what happened, where the collision occurred, the names of the other individuals involved, who was at fault and whether there were any injuries.

7.    Identify (date, location, disposition) each traffic citation, warning ticket, and criminal charge of any kind ever issued to you by any city, county, state federal agency or law enforcement official and provide the disposition of same. Further, if your driving privileges have ever been suspended, revoked, canceled or otherwise restricted in any way, describe the reasons and circumstances in detail and provide the suspension dates.

8.    If you have ever been prosecuted, or pled guilty or *nolo contendere* to, or entered a first offender plea to, or been convicted of any crime punishable as either a misdemeanor or a felony (including traffic offenses), please state as to each instance, the offense charged, the date of prosecution or conviction, the court having jurisdiction (identified by court, county, and state), and the resolution of the case.

9.    State whether you have ever been a plaintiff, defendant, or witness in a lawsuit. If so, please state the court, county, state, date, nature of the lawsuit, the names of the parties in each lawsuit and state whether you were a plaintiff, defendant or witness.

## YOU AND PASCHALL

10.    Describe in detail all training and education (including on the job training) provided to you by or on behalf of Paschall at any time and in any way related to the operation of a commercial motor vehicle.

11.    Identify your primary supervisor(s) and manager(s) at Paschall at the time of the Subject Incident.

### SUBJECT INCIDENT

12.    Explain your understanding of how and why the Subject Incident occurred.

13.    Identify each person with whom you communicated in any way regarding the Subject Incident at any time and provide the details of when, why, where, and for what purpose these communications occurred. Communications for which you assert a privilege should be identified on a privilege log.

14.    Identify all persons who to your knowledge were present at the scene of the Subject Incident within 48 hours of the time of the Subject Incident and explain their role at the scene of the Subject Incident and what actions they took.

15.    Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Incident; the facts leading up to the Subject Incident; the investigation of the Subject Incident; any party to this action; any vehicles involved in the Subject Incident or; and/or any other wrecks, claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in

2022CV01637

connection with this case.

16.   If you maintain that any person or entity other than you has any responsibility of any kind for causing the Subject Incident, and/or for causing any of the damages alleged in the Complaint, identify each such person and/or entity, describe in detail the basis for their responsibility and identify all person(s) and documents that support your contentions.

17.   If you maintain that Plaintiff has any responsibility of any kind for causing the Subject Incident, and/or for causing any of the damages alleged in the Complaint, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

18.   Were you given any drug and/or alcohol tests (blood, urine or otherwise) after the Subject Incident occurred?  If so, please state the time at which the test was administered, the name, address and phone number of the persons, firms, or entities who administered said test(s) and all such persons, firms, or entities in possession of a copy of the results of said test(s).

19.   Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Incident and/or any person or vehicle involved in the Subject Incident.

20.   If you consumed any alcoholic beverage, sedative, tranquilizer, stimulant, and/or other prescription and/or over-the-counter drug or medicine (whether legal or not) during the 72 hour period immediately before the Subject Incident, identify the substance consumed, the amount consumed, the time and place of consumption and the purpose for the consumption.

21.   Identify each person with whom who you communicated in any way regarding the Subject Incident and provide the details of when, why, where, and for what purpose these communications occurred.

### INSURANCE

22.   For each insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

23.   **COMMUNICATIONS WITH INSURANCE COMPANY.** Please describe all communications that you have had with any insurance or indemnity company that you have had regarding this subject incident, including all details of oral or written communications.  Please keep in mind that communications with an insurance company are not subject to the attorney client privilege or attorney work product privilege.

### MISCELLANEOUS

24.     With respect to the trip that you were on at the time of the Subject Incident, provide the following information:

      a.     Identify where and when (date and time) you picked up the load you had at the time of the Subject Incident;

      b.     Identify where (name and address of location) and when (date and time) the load was to be delivered;

      c.     Identify the location, time, duration and reason for each stop you made from the time you picked up the load until the time of the Subject Incident; and

      d.     Identify the route you intended to follow from the point of origin to the point of destination.

25.     Explain in detail where you were and what you were doing during the 72 hours immediately prior to and the 48 hours immediately following the Subject Incident. This response should include the time and location of each pick up, delivery and stop and the reason for each stop (e.g., load, unload, fuel, rest, meal, inspection, repair, other) as well as what you were doing when off duty. Identify all documents that evidence your response and all people who can substantiate your response.

26.     For each communication device (cell phone, text message device, e-mail device, etc.) that was in the vehicle you were operating on the day of the Subject Incident, explain whether or not it was in use at any time in the hour preceding the Subject Incident and identify the service provider, account number, phone number and owner.

27.     Identify each person you expect to call as an expert witness at trial and for each expert identified: (a) summarize each opinion the expert holds in regards to this case; (b) identify the factual basis for each such opinion; (c) identify all documents and evidence of any kind provided to the expert for review; and (d) identify all documents and evidence of any kind that support each opinion.

28.     If there has been any judicial or administrative hearing or proceeding (including workers' compensation and criminal) concerning the occurrence complained of in this case, please describe it, giving the date, place and nature of the hearing or proceeding, and the names, addresses and telephone numbers of each person present, and the name, address and telephone number of any person who transcribed or recorded the hearing or who presently has a transcript, recording or summary of it.

29.     List any factual errors you contend are contained in the police report of the Subject Incident. For each such alleged error, state the facts upon which you rely to support your contention and identify any persons and documents that support your contention.

30.     Describe in detail each defense that you claim to have in connection with this case and identify all facts, persons, and documents that support each defense.

31.     For each of Plaintiff's First Request for Admissions to Defendant Davis that you did not admit without qualification, explain in detail the reason for your refusal to admit and

2022CV01637

identify all persons and documents that support your response.

_____

### III.  PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT PEREZ

Pursuant to O.C.G.A. § 9-11-37(c) should you fail to admit the truth of any matter and therefore force the plaintiff to expend attorney time and expenses in proving the truth thereof, plaintiff will apply to the court for an order requiring defendant to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

Pursuant to O.C.G.A. § 9-11-36, you are hereby requested to admit or deny for purposes of this lawsuit the following allegations of fact or of the application of law to fact:

1.    Admit that You are a proper party to this lawsuit.

2.    Admit that all the named Defendants other than You are proper parties to this lawsuit.

3.    Admit that You were properly named in this case.

4.    Admit that all the named Defendants other than You are properly named in this case.

5.    Admit that service was proper on You.

6.    Admit that service was proper on all the named Defendants other than You.

7.    Admit that venue is proper in this Court.

8.    Admit that jurisdiction is proper in this Court.

9.    Admit that You are an individual that may be served with this Complaint, Summons, and process at your last known residence: 406 South Spring Avenue, Nixon, TX 78140.

10.   Admit that You are a non-resident of the State of Georgia.

11.   Admit that You are subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. § 40-12-3.

12.   Admit that, on or about July 22, 2020, at approximately 1:46 P.M., Plaintiff was an occupant in a 2017 WABA tractor, parked in a private lot located at 281 Pleasant Grove Rd., Cleveland, Bradley County, Tennessee.

13.   Admit that Plaintiff was asleep in the sleeping compartment of his vehicle.

14.   Admit that, on or about the same date and time, You were driving a 2018 Freightliner

2022CV01537

tractor and were traveling in reverse in the private lot located at 281 Pleasant Grove Rd., Cleveland, Bradley County, Tennessee.

15.    Admit that, at all times relevant hereto, You were an employee of Defendant Paschall and were acting in the course, scope and purpose of your employment.

16.    Admit that Your vehicle struck Plaintiff's vehicle.

17.    Admit that You were distracted and failed to notice that your vehicle was approaching Plaintiff's vehicle, and caused their vehicle to strike the Plaintiff's vehicle.

18.    Admit that, as a result of the aforementioned collision, Plaintiff suffered serious injuries to their person.

19.    Admit that Plaintiff had no ability to anticipate, respond to, or prevent the Subject Incident from occurring.

20.    Admit that You owed a duty of care to others to drive in a safe manner.

21.    Admit that You breached that duty by driving in an unsafe manner.

22.    Admit that the breach of the duty of care by Defendant Perez was the proximate cause of injuries to Plaintiff.

23.    Admit that, at all times relevant to this action, You were an employee and agent of Defendant Paschall and were acting in the scope of your employment and agency.

24.    Admit that special damages for past medical expenses incurred by Plaintiff as a result of the Defendants' negligence include and exceed $185,000.00.

25.    Admit that Plaintiff has suffered past and future conscious pain and suffering as a result of the injuries caused by the Defendants.

26.    Admit that, as a result of their injuries, Plaintiff has lost wages due to being unable to work as a result of the Subject Incident.

27.    Admit that wages lost by Plaintiff as a result of the injuries caused by the Defendants exceed $100,000.00.

28.    Admit that a result of the injuries caused by the Defendants, Plaintiff has suffered a diminished capacity to labor.

29.    Admit that Plaintiff has suffered past and future conscious pain and suffering as a result of Defendants' negligence.

2022CV01637

30.    Admit that the special damages listed in Plaintiff's Complaint are accurate, reasonable and necessary.

31.    Admit that the medical care that Plaintiff sought as a result of this collision was necessary and reasonable.

32.    Admit that the amounts charged by the medical providers for the medical care that Plaintiff sought as a result of this collision was reasonable.

33.    Admit that Plaintiff will incur future medical expenses at treat the injuries proximately caused by your negligence and recklessness.

34.    Admit that Plaintiff's future medical expenses equal and exceed $200,000.00.

35.    Admit that Plaintiff has suffered past and future conscious pain and suffering, as well as permanent physical injuries, as a result of the injuries sustained from your negligence and recklessness in an amount to be determined at trial.

36.    Admit that Plaintiff's past pain and suffering equals and exceeds $150,000.00.

37.    Admit that Plaintiff's future pain and suffering equals and exceeds $150,000.00.

38.    Admit that Plaintiff's debilitation due to their permanent injury equals and exceeds $150,000.00.

39.    Admit that your negligence and recklessness is the sole and proximate cause of Plaintiff injuries.

40.    Admit that Plaintiff will incur future medical expenses to treat the injuries proximately caused by your negligence and recklessness.

41.    Admit that there are objective medical findings of significant injury caused by the Subject Incident.

42.    Admit that the incident report attached to Plaintiff's Complaint is accurate.

43.    Admit that Defendants have acted in bad faith, been stubbornly litigious, and have caused the Plaintiffs unnecessary trouble and expense.

44.    Admit that Plaintiff is entitled to recover all reasonable attorney's fees incurred in pursuing this action in accordance with O.C.G.A. § 13-6-11.

45.    Admit that no act of Plaintiff caused the Subject Incident.

46.    Admit that no act of Plaintiff contributed to the Subject Incident.

47.    Admit that there was no failure to act by Plaintiff that contributed to the Subject Incident.

2022CV01537

48.    Admit that there was no act on the part of anyone, other than You that contributed to the Subject Incident.

49.    Admit that there was no failure to act on the part of anyone, other than You that contributed to the Subject Incident.

50.    Admit that You are fully liable for the Subject Incident.

---

## IV.    PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PEREZ

### GENERAL

**REQUEST NO. 1:**    A copy of each document relied upon by you in any way in responding to Plaintiff's First Interrogatories to Defendant Perez.

**REQUEST NO. 2:**    A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Incident

### YOUR INFORMATION

**REQUEST NO. 3:**    All documents setting forth the relationship between you and Defendant Paschall. This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum and the like.

**REQUEST NO. 4:**    Copies of all medical certificates in your possession for the past seven years.

**REQUEST NO. 5:**    All documents that relate in any way to your orientation at Paschall Truck Lines, Inc.

**REQUEST NO. 6:**    All documents in your possession that relate in any way to your training to operate a commercial motor vehicle.

**REQUEST NO. 7:**    A copy of the front and back of every driver's license issued to you (regardless of name used) in your possession, custody and/or control.

**REQUEST NO. 8:**    All documents giving notice to Defendant Paschall of any violation of any law, ordinance or regulation.

**REQUEST NO. 9:**    Copies of all citations, warnings, and other documents alleging that you violated any law, ordinance and/or regulation in the last five years.

2022CV01537

**REQUEST NO. 10:** All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Paschall directed to you for the purpose of teaching, counseling, disciplining, correcting or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**REQUEST NO. 11:** A copy of all documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five years.

**REQUEST NO. 12:** For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the tractor that you were operating at the time of the Subject Incident, produce all documents reflecting usage and billing for the time period time period beginning 48 hours before the Subject Incident and ending 48 hours after the Subject Incident. This includes all devices, whether owned by you or not, and whether it was in use at the time of the Subject Incident or not.

**REQUEST NO. 13:** Copies of each personnel file and employment-related file in your possession.

**REQUEST NO. 14:** All correspondence and other communications of any kind between you and any third-party relating to the Subject Incident.

**REQUEST NO. 15:** All correspondence and other communications of any kind between you and any other Defendant in this case.

<u>HOURS OF SERVICE RELATED DOCUMENTS</u>

**REQUEST NO. 16:** Copies of all hours of service logs and other time logs in your possession for the period beginning 90 days before the Subject Incident and ending 14 days following the Subject Incident.

**REQUEST NO. 17:** In addition to the documents responsive to the preceding Request, produce all documents showing where you were and what you were doing during the period beginning 14 days before the Subject Incident and ending 2 days following the Subject Incident.

**REQUEST NO. 18:** A copy of all audits and summaries of your logs covering the period beginning one year prior to the Subject Incident and ending 14 days following the Subject Incident.

**REQUEST NO. 19:** For the period beginning 14 days prior to the Subject Incident and ending 48 hours after the Subject Incident produce all of the following documents in your possession:

1. dispatch records;
2. fax transmissions;
3. mobile radio records;
4. pre-rate records;
5. wrecker or tow truck records;
6. pick-up and delivery records;

7.  trip summaries;
8.  delivery manifests;
9.  credit card receipts;
10. toll tickets;
11. fuel receipts;
12. weight tickets;
13. fuel tax records;
14. state entry and departure records;
15. expense sheets;
16. trailer interchange records;
17. bills of lading;
18. manifests and waybills;
19. rental contracts involving the vehicle; and
20. seal records for the trailer.

## VEHICLE INFORMATION

**REQUEST NO. 20:**  Copies of all out of service orders for the vehicle in question in your possession.

**REQUEST NO. 21:**  For the tractor and trailer involved in the Subject Incident, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six months before the Subject Incident and ending one week after the Subject Incident.

## LOAD

**REQUEST NO. 22:**  All documents that relate, refer and/or discuss in any way the load you hauled at the time of the Subject Incident, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

## Subject Incident

**REQUEST NO. 23:**  Copies of all documents in your possession, custody and/or control relating in any way to the Subject Incident.

**REQUEST NO. 24:**  Copies of all documents sent by you to any person or entity (other than your attorney(s)), regarding the Subject Incident and/or describing the Subject Incident.

**REQUEST NO. 25:**  A copy of every document related to any investigation done by or on behalf of Defendant Paschall of the scene of the Subject Incident.

**REQUEST NO. 26:**  All documents that explain what caused the Subject Incident.

**REQUEST NO. 27:**  All documents assessing preventability of and/or fault for the Subject Incident.

2022CV01537

**REQUEST NO. 28:** Copies of all photographs, video, computer simulations, and any other documents depicting:

1. Any vehicle involved in the Subject Incident;
2. Any person involved in the Subject Incident;
3. The scene of the Subject Incident; and/or
4. Any evidence (roadway markings or other) relevant to the Subject Incident.

**REQUEST NO. 29:** Copies all reports relating to the Subject Incident in your possession custody and/or control.

**REQUEST NO. 30:** A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Incident.

**REQUEST NO. 31:** All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party or any other entity whatsoever regarding any aspect of the Subject Incident, the injuries or damages resulting therefrom, or this lawsuit.

### GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 32:** Copies of all documents sent to or received from any governmental agency regarding the Subject Incident and/or your operation of a commercial motor vehicle within the past three years.

### POLICIES AND PROCEDURES

**REQUEST NO. 33:** Copies of all handbooks and manuals provided to you by Paschall Truck Lines, Inc. at any time.

**REQUEST NO. 34:** Copies of all policies, procedures, rules, guidelines, directives, and instructions ever given to you by Paschall Truck Lines, Inc.

### MISCELLANEOUS

**REQUEST NO. 45:** With respect to each expert witness who may provide testimony at the trial of this case, provide:

a. A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;
b. A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;
c. A copy of the entire file of said expert;
d. A current résumé or curriculum vitae for said expert; and
e. All billing records and work logs for said expert.

2022CV01537

**REQUEST NO. 46:** A copy of any and all documents and other materials which support any contention that the Subject Incident was the fault of anyone other than you.

**REQUEST NO. 47:** Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 48:** Produce any document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Incident, including but not limited to admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 49:** Produce any document or thing that you contend evidences or supports your denial of any of Plaintiff's Requests for Admissions.

**REQUEST NO. 50:** If any surveillance has been undertaken by or on behalf of you, produce a copy of all reports, photographs, video and anything else generated through that investigation.

Respectfully submitted, this the 14th day of July, 2022.

The Law Firm of Leipow & Associates, P.C.

/s/ *Kevin A. Leipow*
**Kevin A. Leipow, Esq.**
Georgia Bar No. 300163
*Counsel for Plaintiff*

235 Peachtree St., N.E.
North Tower, Suite 400
Atlanta, GA 30303
P: 404.581.3642; F: 404.526.8855
kal@leipowlaw.com

**\*\*DISCOVERY SERVED WITH COMPLAINT\*\***

2022CV01537

e-Filed 7/14/2022 4:31 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Waukecia Lawrence

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

JEROME SCOTT                                                    )
     Plaintiff,                                              )
                            )   CIVIL ACTION
v.                                                             )   FILE NO. _2022CV01537_
                            )
LUIS ARNULFO PEREZ,                                            )
PASCHALL TRUCK LINES, INC.                                     )
JOHN DOE, and                                                  )
JOHN DOE CORPORATION                                           )
     Defendants.                                             )
_____)

### PLAINTIFF'S FIRST INTERROGATORIES, REQUESTS FOR ADMISSION AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PASCHALL TRUCK LINES, INC.

### ** SERVED WITH COMPLAINT **

    1.    Plaintiff hereby requests that defendant answer in writing and under oath the following Interrogatories within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-33.  In responding, defendant is requested to furnish such information as is available to each defendant. To the extent any information called for is objected to is upon a claim of privilege, you must provide enough information for the Court to adjudicate your claim of privilege, including a "privilege log."

    2.    Plaintiff hereby requests that Defendant answer in writing and under oath the following Requests for Admission within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36.

    3.    Plaintiff further requests that Defendant produce the following documents pursuant to O.C.G.A. § 9-11-34 within forty-five (45) days from the date of service hereof at The Law Office of Kevin A. Leipow, P.C., 235 Peachtree St., NE, North Tower, Suite 400, Atlanta, GA 30303.  Where not produced prior, Plaintiff requests that Defendant produce the following documents pursuant to O.C.G.A. §9-11-34 at The Law Office of Kevin A. Leipow, P.C., 235 Peachtree St., NE, North Tower, Suite 400, Atlanta, GA 30303 specifically at 2 p.m. on September 15th, 2022 or at such other time, date, and location agreed to by counsel for defendant(s) and the undersigned counsel, and to serve a written response hereto within forty-five (45) days from the date of service hereof.

    4.    Plaintiff hereby instructs and requests that defendant review and adhere to the Definition of Terms and Instructions provided herein.

I.    **DEFINITION OF TERMS**

When used in these discovery requests, the following terms shall have the following meanings:

A.    "**You**" and/or "**your**" shall refer to PASCHALL TRUCK LINES, INC. **You**, as an entity, includes its present and former parents, subsidiaries, affiliates, divisions, joint ventures, partners, present and former officers, present and former directors, present and former employees, present and former advisors, and present and former trustees or administrators, both individually and collectively, and any person acting or purporting to act on their individual or collective behalf.

B.    "**Plaintiff**" shall refer to JEROME SCOTT.

C.    "**Defendant Perez**" shall refer to LUIS ARNULFO PEREZ.

D.    "**Defendant Paschall**" shall refer to PASCHALL TRUCK LINES, INC. and includes any of its current or former agents, employees, representatives, attorneys, officers, directors, divisions, and departments.

E.    "**Subject Incident**" shall mean the collision incident referenced in the Complaint which occurred on or about July 22, 2020.

F.    "**Subject Area**" shall refer to the private lot located at 281 Pleasant Grove Rd., Cleveland, Bradley County, Tennessee, where the Subject Incident occurred. See Incident Report attached to the Complaint.

G.    "**Date**" shall mean the exact day, month, and year, if ascertainable, or, if not, the best approximation thereof (including relationship to other events).

H.    "**Document**" means any written, recorded, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes agreements; contracts; letters; telegrams; inter-office communications; correspondence; statements; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.

The term "**document**" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "**document**" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval

systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation on the term "**control**" as used in the preceding paragraph, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person.

I.     "**Communication**" means any disclosure, transfer, or exchange of data, information or opinion, however made.

J.     "**Person**" means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

K.     "**Relating to**" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

L.     "**Identify**" or "**identity**" means to state or a statement of:

a.     in the case of a person other than a natural person, its name, the address of its principal place of business (including zipcode), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zipcode), that other person's telephone number, and the name of that other person's chief executive officer;

b.     in the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

c.     in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d.     in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

e.     in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

M.     **Gender**. Use of any terms denominating gender shall be construed to include both the masculine and the feminine.

N.     **Reference to any entity** includes its present and former subsidiaries, affiliates, divisions, joint ventures, partners, present and former officers, present and former  directors, present and former employees, present and former  advisors, and present and former trustees or administrators, both individually and collectively, and any person acting or  purporting to act on their individual or collective behalf.

O.     **Reference to any individual** includes such individual, his or her employees, agents, and all persons acting or purporting to act on behalf of or in concert with that individual and all persons or entities under his or her control.

P.     **"And"** as well as **"or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any response that might otherwise be construed to be outside their scope.

Q.     **The singular** includes the plural and the plural includes the singular; **"any"** shall mean **"any and all"** and **"all"** shall mean **"all"** and **"any."**

R.     The term **"including"** means **"including without limitation."**

II.     <u>**INSTRUCTIONS**</u>

A.     **CONTINUING.**  These Interrogatories, Request for Admissions and Requests for Production of Documents (hereinafter "Discovery Requests") are to be regarded as continuing, and you are requested to provide, by way of supplementary answers, such additional information as you, or any other person in your behalf, may hereafter obtain, which will augment or otherwise modify your answers now given to these discovery requests. Such supplementary answers are to be filed and served upon Plaintiffs' counsel within 30 days after receipt of such information, but not later than two (2) weeks preceding the date of Trial.

B.     **ASCERTAINABLE BY YOU**. In answering these Discovery Requests, even though the question may be addressed to "You," you must include both information of which you have personal knowledge or which is available to you and information obtainable by reasonable investigation.  This includes information in the possession of or available to any person acting on your behalf or under your control, including your representatives.

C.     **IDENTIFICATION OF POSSESSOR OF INFORMATION.**   If all the information furnished in answer to all or any part of any Discovery Request is not within your knowledge, identify each person to whom all or any part of the information furnished is a matter of personal knowledge, and each person who communicated to the affiant any part of the information furnished.

D.     **REFERENCE TO DOCUMENT.**  Where any of these Interrogatories or any sub-part thereof may be responsibly and fully answered by the reference to a document, such interrogatory or sub-part may be answered by attaching to your answer a copy of such document, by referring in such answer to such document, and by identifying the paragraph, portion, or

provision of the document that fully answers the interrogatory.

E.     **SEPARATE ANSWERS.**   Each interrogatory and subpart thereof is to be accorded a separate answer and interrogatories are not to be combined for the purpose of supplying a common answer thereto.

F.     **LACK OF INFORMATION.**   If, after exercising due diligence, you can obtain no information about the subject of a particular Interrogatory, or if for some reason you are unable to answer it, the response to that Interrogatory should specifically so state, and no interrogatory should be without some response.   If you have some information responsive to an Interrogatory, but believe that further information not now available to you would also be responsive, you should provide the information you now have and should specifically state when the balance of the information will be provided; the fact that a full answer cannot be given is not a basis for you to fail to provide such information as is available to you at the time of your response to these interrogatories.

G.     **OBJECTIONS.**   If you deem any of the following Discovery Requests legally objectionable, in whole or in part, you shall set forth all grounds for the objection in sufficient detail to enable plaintiff and the Court to determine the legal sufficiency of such objection. If you object in part, you shall fully respond to such part or parts of the Discovery Request to which no objection is made.

H.     **DOCUMENTS WITHIN CONTROL.**   The Requests for Production of Documents calls for the production of all copies of such documents and any drafts thereof, preliminary or otherwise, which are within the Respondent's possession, custody, or control, or within the possession, custody, or control of any agent, attorney, or other representative of Defendant.

I.     **PRIVILEGE LOG.**   In the event that any document requested is withheld on the basis of a claim of privilege, that document shall be identified by setting forth the following information:

   a.   The name of the author of the document;
   b.   The date of the document;
   c.   The name of each person or persons (other than stenographic or clerical assistant) participating in the preparation of the document;
   d.   The date on which the document was received by those having possession of the document;
   e.   The name and address of each person, if any, to whom the contents of the documents have heretofore been communicated by copy, exhibition, reading, or substantial summarization;
   f.   A brief description of the nature of the subject matter of the document;
   g.   The statute, rule, or decision which is claimed to give rise to the privilege;
   h.   The present custodian and location of the document;
   i.   Attachments to the document;
   j.   The number of pages, attachments, or appendices comprising the document;

k.   Whether the document is handwritten, typewritten, or otherwise prepared; and
l.   The number of the request to which the document is responsive.

J.      **DOCUMENT NON-PRODUCTION.**   If, for reasons other than a claim of privilege, the Defendant refuses to produce any documents described herein, please state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

K.      **DOCUMENT NO LONGER IN POSSESSION.**   If any document described herein was, but no longer is, within the Defendant's possession, custody or control, please state in detail:

a.   A summary of the contents of the documents;
b.   What disposition was made of it;
c.   The date of such disposition;
d.   Whether the original or a copy thereof is within the possession, custody or control of any other person, corporation or entity; and
e.   If the answer to (d) is affirmative, the identity of that entity.

---

## III.    PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT PASCHALL

1.      **ENTITY INFORMATION.**   For each named Defendant, please describe the entity structure (*i.e.*, corporation, partnership, unincorporated association, trade name, etc.), the locations of the principal place of business, registered agent, mailing address, telephone number, hierarchical employee structures, their relationship to each other, and their relationship to all parent companies, subsidiaries, and related corporations.

2.      **PERSON PROVIDING INFORMATION OR ANSWERING.** Identify each person who participated in and/or who provided any information for each of the responses to each of Plaintiff's First Interrogatories and Request for Production of Documents and for each person identified, describe their relationship to each Defendant.

3.      **IDENTIFICATION OF FACT WITNESSES.** Fully identify, stating the name, residence and business addresses, and residence and business telephone numbers of each person who:

a.   May have seen any part of the Subject Incident, or who may have or claims to have arrived at the scene of the Subject Incident, immediately or shortly after it happened;
b.   Has knowledge of facts concerning the Subject Incident, your injuries or disability, or any other discoverable information;
c.   Has investigated any aspect of the Subject Incident or any person's claims of injury

and damage; and

d. For whom you were performing, or had been performing, any act or service whatsoever at the time and place of the Subject Incident, or in the course of the trip or venture in which you were engaged, or was engaged in on your behalf, at the time and place of the incident complained of.

4. **STATEMENTS & REPORTS.** Identify any and all statement(s) and/or report(s) created or given by you or any other person, including depositions, regarding in any way the Subject Incident and for each such statement or report provide the name of the individual who gave it, the date of its making, the name of the person(s) present when made, the form of the statement (whether oral, written, recorded, etc.), the subject matter thereof, and the name and address of each person who currently has the original and/or any copy of the statement or report.

5. **RESPONSIBILITY OTHER THAN DEFENDANT.** If you or your attorney maintains that anyone other than a named Defendant has any responsibility of any kind for Plaintiffs' injuries, identify each such person and or entity, describe in detail the basis for their responsibility and identify any and all person(s) who have any knowledge regarding this issue and any and all documents (as that term is defined above) that address, evidence and/or support of your contentions.

6. **JUDICIAL ACTION.** If there has been any judicial or administrative hearing or proceeding (including workers' compensation and criminal) concerning the occurrence complained of in this case, please describe it, giving the date, place and nature of the hearing or proceeding, and the names, addresses and telephone numbers of each person present, and the name, address and telephone number of any person who transcribed or recorded the hearing or who presently has a transcript, recording or summary of it.

7. **CONDUCT PRECEDING SUBJECT INCIDENT.** Describe in detail where Defendant Perez was and what he was doing for the seventy-two (72) hours immediately prior to and the seventy-two hours immediately preceding the Subject Incident (if working — identify time and address of each pick up, delivery and stop and the reason for each stop (e.g., load, unload, fuel, rest, inspection, repair, other)). Identify all documents that evidence your response and all people who can substantiate your response.

8. **SUBSTANCES CONSUMED.** In the seventy-two (72) hour period immediately preceding the Subject Incident, if Defendant Perez consumed any alcoholic beverage, sedative, tranquilizer, or other prescription and/or over-the-counter drug or medicine, identify the substance consumed, the amount consumed, the time and place of consumption and the purpose for the consumption.

9. **WIRELESS PROVIDER.** Identify Defendant Perez's wireless service provider and telephone number for the time period relevant to this action and also identify the company providing service to any radio, personal digital assistant, communication device, navigation device, etc. which Defendant(s) owned, used, or had access to during the time period relevant to this action. **[Note: The cellular phone number will be used only for purposes of discovery of records in the context of this case and will not be provided to anyone for any other purpose.]**

10.    **MOTOR VEHICLE COLLISIONS.** Identify each motor vehicle collision(s) that Defendant Perez has been involved in during the past fifteen (15) years and for each collision describe what happened, where the collision occurred, the names of the other individuals involved, who was at fault and whether there were any injuries.

11.    **TRAFFIC CITATIONS.** Identify (date, location, disposition) each traffic citation, warning ticket, and criminal charge of any kind ever issued to Defendant Perez by any city, county, state federal agency or law enforcement official and provide the disposition of same. Further, if his driving privileges have ever been suspended, revoked, canceled or otherwise restricted in any way, describe the reasons and circumstances in detail and provide the suspension dates. **Please note that this Interrogatory requests information regarding the Subject Incident.**

12.    **PHYSICAL AND MENTAL INFIRMITIES.** State all physical and mental infirmities which Defendant Perez had at the time of the incident in question including, but not limited to, vision or hearing infirmities, and describe in detail the infirmity, how it affects him and what treatments or examinations he has had for same and from whom and when did he receive such treatments or examinations.

13.    **DETAILS OF TRIP PRIOR TO COLLISION.** State the complete history of the trip Defendant Perez was engaged in at the time of said collision, to specifically include: the place from and the time at which he began the trip, locations and identifying names of any stops made prior to the collision in question, his destination, route, and any other information possessed by any party concerning said trip. The history shall also include whether or not he received a citation for this accident and the final determination made on the citation.

14.    **CRIMINAL RECORD.** If Defendant Perez has ever been prosecuted, or pled guilty or *nolo contendere* to, or entered a first offender plea to, or been convicted of any crime punishable as either a misdemeanor or a felony (including traffic offenses), please state as to each instance, the offense charged, the date of prosecution or conviction, the court having jurisdiction (identified by court, county, and state), and the resolution of the case.

15.    **DESCRIPTION OF THE SUBJECT INCIDENT.** Describe in detail how the Subject Incident occurred, including each and every act or omission that you and/or your attorney contends caused or contributed to cause Plaintiff's injuries, whether by you or anyone else. Identify all Documents that support your contention and/or that describe in any way how the Subject Incident occurred.

16.    **DEPICTIONS OF SUBJECT INCIDENT OR SUBJECT AREA.** If you, your representatives or your insurer are aware of any photographs, videotapes, drawings or models of any aspect of the incident complained of in Plaintiff's Complaint (scene, vehicle, physical object, or person), or any surveillance photographs, films or videotapes of the Plaintiff, of please identify each, and state the present location and the name of the person having possession, custody or control of each.

17.    **FACTUAL ERRORS IN POLICE REPORT.** List any factual errors you contend

are contained in the police report of the Subject Incident. For each such alleged error, state the facts upon which you rely to support your contention and identify any persons and documents that support your contention.

18.    **PREVIOUS LITIGATION.** State whether you have ever been a plaintiff, defendant, or witness in a lawsuit. If so, please state the court, county, state, date, nature of the lawsuit, the names of the parties in each lawsuit and state whether you were a plaintiff, defendant or witness.

19.    **DEFENSES.** Describe in detail each defense that you claim to have in connection with this case and identify all facts, persons, and documents that support each defense.

20.    **ADMISSIONS.** For each of Plaintiff's First Request for Admissions to Defendant Paschall that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

21.    **EXPERT WITNESSES.** Identify each person this Defendant expects to call as an expert witness at trial, and for each expert, state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion to which the expert is expected to testify.

22.    **INSURANCE.** For each insurance policy of any kind that does or may provide any coverage on behalf of any Defendant for damages/injuries alleged in this case, provide the name of insurer; type of policy and policy number; limits of liability coverage; and the name(s) of all insureds.

23.    **COMMUNICATION REGARDING SUBJECT INCIDENT.** Identify each person with whom who you communicated in any way regarding the Subject Incident and provide the details of when, why, where, and for what purpose these communications occurred.

24.    **COMMUNICATIONS WITH INSURANCE COMPANY.** Please describe all communications that you have had with any insurance or indemnity company that you have had regarding this subject incident, including all details of oral or written communications.  Please keep in mind that communications with an insurance company are not subject to the attorney client privilege or attorney work product privilege.

25.    **REASON FOR NOT SETTLING WITHIN POLICY LIMITS**. Please explain why you do not want to avoid liability by instructing your insurer to pay your policy limits.  In answering this Interrogatory, please clarify if it has been explained to you that you would be personally liable for any money award in excess of your policy limits, and that if you settled within your policy limits, you would have no liability.

26.    **RELATIONSHIP WITH OTHER DEFENDANTS.**  Describe in detail your relationship with any other named defendant(s), including whether you reside in the same residence, and the amount of time you have resided in the same residence together.

27.    **REASON FOR DRIVING VEHICLE.**  Describe in detail how Defendant Perez came to be driving the vehicle involved in the Subject Incident, including whether it was owned by you or another person, and if owned by another person or entity, the reasons why you were driving at the time of the Subject Incident.

28.    **EMPLOYMENT HISTORY OF EDWARD DAVIS.**  Please describe in as much detail as possible the employment history of Defendant Perez with Paschall Truck Lines, Inc., including the date he began his employment, the position(s) he has had since the beginning of his employment with Paschall, all disciplinary actions ever taken by Paschall against Defendant Perez, and any other matter of which you are aware related to Defendant Perez's employment with Paschall.

29.    **HIRING CRITERIA**.  Please describe in as much detail as possible the criteria that you use in hiring drivers, and identify any policies and procedures used in making hiring decisions.

30.    **HIRING OF DEFENDANT PEREZ.**  Please describe in as much detail as possible the criteria that you used in hiring Defendant Perez, and identify any policies and procedures used in making the hiring decision.

31.    **PRIVILEGE LOG.**  In regard to any document that has not been produced on grounds of privilege (*i.e.*, attorney work product, attorney/client, etc.), please state the following:

     a.    The privilege asserted;
     b.    The date each document was generated;
     c.    The person generating each document;
     d.    The present custodian of each document;
     e.    A description of each document; and
     f.    Explain the purpose of the creation of the document.

---

## III.    PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT PASCHALL

**Pursuant to O.C.G.A. § 9-11-37(c) should you fail to admit the truth of any matter and therefore force the plaintiff to expend attorney time and expenses in proving the truth thereof, plaintiffs will apply to the court for an order requiring defendant to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.**

Pursuant to O.C.G.A. § 9-11-36, you are hereby requested to admit or deny for purposes of this lawsuit the following allegations of fact or of the application of law to fact:

1.     Admit that You are a proper party to this lawsuit.

2.     Admit that all the named Defendants other than You are proper parties to this lawsuit.

3.     Admit that You were properly named in this case.

4.     Admit that all the named Defendants other than You are properly named in this case.

5.     Admit that service was proper on You.

6.     Admit that service was proper on all the named Defendants other than You.

7.     Admit that venue is proper in this Court.

8.     Admit that jurisdiction is proper in this Court.

9.     Admit that Defendant Paschall is a foreign profit corporation or other entity organized under the laws of Kentucky doing business in Georgia with a principal place of business at 3443 US Highway 641 S, Murray, KY 42071, and a registered agent in Georgia listed as Adam Holshouser, 661 Forest Parkway, Suite A, Forest Park, GA 30297.

10.     Admit that, on or about July 22, 2020, at approximately 1:46 P.M., Plaintiff was an occupant in a 2017 WABA tractor, parked in a private lot located at 281 Pleasant Grove Rd., Cleveland, Bradley County, Tennessee.

11.     Admit that the vehicle being driven by Defendant Perez at the time of the Subject Incident was owned by Defendant Paschall.

12.     Admit that the vehicle being driven by Defendant Perez was leased by Defendant Paschall.

13.     Admit that, at all times relevant hereto, Defendant Perez, was an employee of Defendant Paschall.

14.     Admit that, at all times relevant hereto, Defendant Perez was acting in the scope and purpose of his employment.

15.     Admit that Defendant Perez's vehicle struck Plaintiff's vehicle.

16.     Admit that, as a result of the aforementioned collision, Plaintiff suffered serious injuries to his person.

17.     Admit that Plaintiff had no ability to anticipate, respond to, or prevent the Subject Incident from occurring.

18.     Admit that, as a result of this incident, Plaintiff has suffered injuries to their person.

19.     Admit that Defendant Perez owed a duty of care to others to drive in a safe manner.

20.     Admit that Defendant Perez breached that duty by driving in an unsafe manner.

21.     Admit that the breach of the duty of care by Defendant Perez was the proximate cause of injuries to Plaintiff.

22.     Admit that, at all times relevant to this action, Defendant Perez was an employee and agent of Defendant Paschall, and was acting within the scope of his employment and agency.

23.     Admit that Defendant Paschall is responsible for the conduct of Defendant Perez under the doctrine of *respondeat superior*.

24.     Admit that Defendant Paschall is responsible for the conduct of Defendant Perez under the doctrine agency or apparent agency.

25.     Admit that special damages for past medical expenses incurred by Plaintiff as a result of the Defendants' negligence include and exceed $185,000.00.

26.     Admit that Plaintiff has suffered past and future conscious pain and suffering as a result of the injuries caused by the Defendants.

27.     Admit that, as a result of their injuries, Plaintiff has lost wages due to being unable to work as a result of the Subject Incident.

28.     Admit that wages lost by Plaintiff as a result of the injuries caused by the Defendants exceed $100,000.00.

29.     Admit that a result of the injuries caused by the Defendants, Plaintiff has suffered a diminished capacity to labor.

30.     Admit that Plaintiff has suffered past and future conscious pain and suffering as a result of Defendants' negligence.

31.     Admit that the special damages listed in Plaintiff's Complaint are accurate, reasonable and necessary.

32.     Admit that the medical care that Plaintiff sought as a result of this collision was necessary and reasonable.

33.     Admit that the amounts charged by the medical providers for the medical care that Plaintiff sought as a result of this collision was reasonable.

34.     Admit that Plaintiff will incur future medical expenses at treat the injuries proximately caused by your negligence and recklessness.

35.     Admit that Plaintiff's future medical expenses equal and exceed $200,000.00.

36.     Admit that Plaintiff has suffered past and future conscious pain and suffering, as well as permanent physical injuries, as a result of the injuries sustained from your negligence and recklessness in an amount to be determined at trial.

37.     Admit that Plaintiff's past pain and suffering equals and exceeds $150,000.00.

38.     Admit that Plaintiff's future pain and suffering equals and exceeds $150,000.00.

39.     Admit that Plaintiff's debilitation due to their permanent injury equals and exceeds $150,000.00.

40.     Admit that Defendant Perez's negligence and recklessness is the sole and proximate cause of Plaintiff's injuries.

41.     Admit that Plaintiff will incur future medical expenses to treat the injuries proximately caused by Defendant Perez's negligence and recklessness.

42.     Admit that there are objective medical findings of significant injury caused by the Subject Incident.

43.     Admit that the incident report attached to Plaintiff's Complaint is accurate.

44.     Admit that Defendants have acted in bad faith, been stubbornly litigious, and have caused the Plaintiff unnecessary trouble and expense.

45.     Admit that Plaintiff is entitled to recover all reasonable attorney's fees incurred in pursuing this action in accordance with O.C.G.A. § 13-6-11.

46.     Admit that no act of Plaintiff caused the Subject Incident.

47.     Admit that no act of Plaintiff contributed to the Subject Incident.

48.     Admit that there was no failure to act by Plaintiff that contributed to the Subject Incident.

49.     Admit that there was no act on the part of anyone, other than You that contributed to the Subject Incident.

50.     Admit that You are fully liable for the Subject Incident.

---

## IV.     PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PASCHALL

1.    **REPORTS.** Produce a copy of any and all reports concerning the Subject Incident, including any that were prepared by you or on your behalf.

2.    **DRIVER'S LICENSE.** Produce a copy of Defendant Perez's driver's license and any commercial driver's license in effect at the time of the Subject Incident.

3.    **DRIVING SUSPENSIONS.** Produce copies of all writings giving notification to you of any convictions or suspensions of Defendant Perez for violating a state or local law relating to motor vehicle traffic control.

4.    **TRAFFIC VIOLATIONS.** Produce copies of any record of violations of motor vehicle traffic laws by Defendant Perez, whether kept by list or separately, of any type.

5.    **TRAFFIC CITATIONS**. Produce copies of all traffic citations, terminal or road equipment and driver compliance inspections, warnings or citations issued to Defendant Perez by any city, county, state federal agency or law enforcement official.

6.    **WIRELESS PROVIDER.** Produce a copy of the itemized bill from Defendant Perez's wireless provider for the periods capturing forty-eight (48) hours before and after the time of the Subject Incident.

7.    **RECORDINGS AND TRANSCRIPTS.** Produce all tapes, recording and transcripts of conversations, interviews, statements, etc. of any witness, party or any other entity whatsoever regarding any aspect of the Subject Incident, the injuries or damages resulting therefrom, or this lawsuit.

8.    **INVESTIGATIONS.** Produce any reports, notes, correspondence, records, photographs, films, videos, or other documents or items whatsoever made by or within the control or possession of any detective, investigator, etc. having anything whatsoever to do with the Subject Incident, the damages, the injuries, or any aspect of this lawsuit whatsoever.

9.    **PLAINTIFFS' STATEMENTS.** Produce all statements which may have been taken from the Plaintiff(s) and/or reports made or given by any person who may have seen any part of the Subject Incident or who may have arrived at the scene of the Subject Incident immediately, or shortly after its occurrence; or who may have knowledge of facts concerning the incident; or who you expect to call *as* an expert witness at trial.

10.   **VISUAL REPRESENTATIONS.** Produce any and all photographs, models, diagrams, videotapes, animations, and/or drawings in the possession of you, your investigators, agents, representatives, or insurers of:

        a.    the scene of the Subject Incident;
        b.    any vehicle or other object involved in the Subject Incident; and
        c.    any person involved in the Subject Incident, but not limited to surreptitious surveillance photographs, films and tapes of the Plaintiff.

11.    **PROPERTY DAMAGE.**  Produce all documents in your possession, or in the possession of your insurers, representatives, agents or investigators, regarding any property damage to any vehicle, the contents of any vehicle, any stationary object, or any other real or personal property damage resulting from the incident complained of, including but not limited to repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Incident.

12.    **VIDEO RECORDINGS.**  Produce copies of all records generated by any on-board electronic or video recording devices with which the vehicle was equipped at the time of the Subject Incident.

13.    **PAYMENT FOR DAMAGES.**  Produce any documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

14.    **CORRESPONDENCE.**   Produce any and all non-privileged correspondence regarding or referencing the Subject Incident, including any correspondence prepared on your behalf.

15.    **TITLE.**  Produce copies of the title of the vehicle in question.

16.    **REGISTRATION.**  Produce copies of the registration of the vehicle in question.

17.    **SERVICE ORDERS.**  Produce copies of all out of service orders for the vehicle in question.

18.    **TANGIBLE THINGS THAT SUPPORT DEFENSE.**   Produce all books, documents and/or other tangible things which prove, support, or may constitute evidence of any facts or circumstances upon which you base the defenses and allegations in your Answer, or referred to in your responses to any of the Interrogatories addressed to you.

19.    **EVIDENCE.**  Produce any document or thing which you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the incident complained of, including but not limited to admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

20.    **DOCUMENTS    CONTESTING    ACCURACY    OF    PLAINTIFF'S COMPLAINT.**  If you contended any portion of the Plaintiff's Complaint was inaccurate, wrong, or was in fact denied by you, provide each document, if not already provided, which supports your contention or denial.

21.    **EXPERT WITNESS DOCUMENTS.**  Produce any and all correspondence, reports, charts, photographs, drawings, videotapes, brochures, manuals, memoranda or any other type of document material or physical evidence of any kind received from, provided to, or

generated by any expert witness whom defendants expect to call as a witness in this case.

22.     **EDUCATION AND EMPLOYMENT HISTORY.** Produce a copy of Defendant Perez's resume, *curriculum vitae*, and any documents reflecting his education and employment history.

23.     **DOCUMENTS REGARDING PLAINTIFF(S).** Produce any medical, education, employment, social media or any and all other records which have been obtained by you or your counsel regarding the Plaintiff(s).

24.     **DOCUMENTS REGARDING PLAINTIFF(S) FROM NON-PARTY REQUESTS.** Produce any medical, education, employment and any and all other records which have been obtained by you or your counsel regarding the Plaintiff(s) through non-party requests.

25.     **CORRESPONDENCE REGARDING INCIDENT.** Produce any and all non-privileged correspondence regarding or referencing the Subject Incident, including any correspondence prepared on your behalf.

26.     **INSURANCE POLICY.** Please produce a certified copy of any insurance policy, including its declaration page(s), which may provide coverage to any Defendant for any liability which may arise as a result of the Subject Incident referred to in Plaintiff's Complaint.

27.     **POLICIES AND PROCEDURES.** Produce any and all documents in your possession regarding the policies and procedures of Defendant Paschall for individuals in your employ.

28.     **PAYMENTS FROM PASCHALL.** Produce any and all documents in your possession regarding the exchange of payments between Defendant Perez and Paschall Truck Lines, Inc., including pay check stubs, W-2 forms, 1099 forms, contracts, for the time period of two months before and after the date of the collision at issue.

29.     **CONTRACT WITH PASCHALL.** Produce any contract or agreement that has ever existed between Defendant Perez and Paschall Truck Lines, Inc. at any time.

30.     **EMPLOYMENT FILE.** Produce a copy of the entire employment file of Defendant Perez.

31.     **POLICIES AND PROCEDURES.** Produce all documents in your possession, or in the possession of your insurers, representatives, agents or investigators, regarding policies and/or procedures regarding Defendant Paschall's employee's or agent's work driving a vehicle, from any source, for a period of five years preceding the Subject Incident up to and including the present.

32.     **TAX RETURNS.** Please attach a copy of the State and Federal Tax Returns, from January 2012 to the present, of all entities that own(ed), manage(d), maintain(ed), or operate(d) the vehicle driven by Defendant Perez at the time of the Subject Incident.

33.   **FINANCIAL STATEMENTS.**  Please attach a copy of the Financial Statements from January 2012 to the present of all entities that own(ed), manage(d), maintain(ed), or operate(d) the vehicle driven by Defendant Perez at the time of the Subject Incident, including, but not limited to, Balance Sheets, Profit and Loss Statements, Cash Flow Statements and Statement of Changes in Equity.

Respectfully submitted, this the 14th day of July, 2022.

**The Law Firm of Leipow & Associates, P.C.**

/s/ *Kevin A. Leipow*
**Kevin A. Leipow, Esq.**
Georgia Bar No. 300163
*Counsel for Plaintiff*

235 Peachtree St., N.E.
North Tower, Suite 400
Atlanta, GA 30303
P: 404.581.3642; F: 404.526.8855
kal@leipowlaw.com

**\*\*DISCOVERY SERVED WITH COMPLAINT\*\***

2022CV01537

e-Filed 7/22/2022 12:09 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

JEROME SCOTT                                )
    Plaintiff,                                )
                                              )
vs.                                         )          CIVIL ACTION
LUIS ARNULFO PEREZ, PASCHALL               )      FILE NO. 2022CV01537
TRUCK LINES, INC., JOHN DOE, AND           )
JOHN DOE CORPORATION                       )
    Defendants.                               )

---

## RETURN OF SERVICE

On this day personally appeared John Mercier who, being by me duly sworn, deposed, and said:

"The following came to hand on Friday, July 15, 2022, at 2:24 PM:

**SUMMONS AND COMPLAINT FOR DAMAGES WITH PLAINTIFF'S FIRST
INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT LUIS ARNULFO PEREZ
\*\*DISCOVERY SERVED WITH COMPLAINT\*\***

and was executed at 12345 US 87, Adkins, TX 78101 within Bexar County, Texas on Tuesday, July 19, 2022, at 3:42 PM, by delivering a true copy of the documents to:

**LUIS ARNULFO PEREZ**

in person, having first endorsed the date of delivery on same.

"I am a person over eighteen (18) years of age, and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct.

"My name is John Mercier, my date of birth is ▮▮▮▮/1975, my address is 508 Pat Booker Rd. #5011, Universal City, TX 78148, in the United States of America. I declare under penalty of perjury that the foregoing is true and correct.

*John Mercier*
_____
John Mercier
Certification Number: PSC-19282
Certification Expiration: 01/31/2023

BEFORE ME, a Notary Public, on this day personally appeared John Mercier, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON July 19, 2022.

CORINA MERCIER
Notary Public, State of Texas
Comm. Expires 11-27-2022
Notary ID 124005637

_____
Notary Public, State of Texas

2022CV01537

*Tiki Brown*

**State Court**
e-Filed 8/1/2022 10:44 AM

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Hannah Lowery

**CLAYTON COUNTY, GEORGIA**

CASE NUMBER 2022 CV01537

JEROME SCOTT
_____ Plaintiff ☐

_____

**VS.**

PASCHALL TRUCK LINES, INC.
c/o Adam Holshouser                         Defendant ☒
661 Forest Pkwy., Ste. A
Forest Park, GA 30297
_____ Address ☒

**Attorney or Plaintiff's Name & Address**

_____ Garnishee ☐

Kevin A. Leipow, Esq.
Leipow & Associates, P.C.
235 Peachtree St., NE                  _____ Address ☐
North Tower, Ste. 400
Atlanta, GA 30303
_____

Designate Party to be served by placing a check in
box above.

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐

I have this day served the defendant ................................................................................ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant ................................................................................ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of ................................................................................ described as follows

age, about ............... years; weight, about ............... pounds; height, about ............... feet and ............... inches,
domiciled at the residence of defendant, at .................... A.M. - P.M.

**CORPORATION** ☐

Served the (defendant, Garnishee) .... Jerome Scott (Mgr) ................................... a corporation
by leaving a copy of the within action and summons with Paschall Truck Lines LLC.
in charge of the office and place of doing business of said Corporation in this County, at ............ A.M. - P.M.

**TACK & MAIL** ☐

I have this day served the above affidavit and summons on the defendant(s) by posting a copy of the same to
the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true
copy of same in the United States Mail, First Class, in an envelope properly addressed to the defendant(s) at
the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s)
to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant ................................................................................
not to be found in the jurisdiction of this Court.

The defendant is required to answer no later than ................................................................ , 20 ........... ,
at the place stated in the summons.

This 29+h day of July , 2022

R. _____ #70679

_____
**DEPUTY SHERIFF, CLAYTON COUNTY.**

WHITE: Clerk    CANARY: Defendant

2022CV01537                                                    e-Filed 8/1/2022 2:40 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Waukecia Lawrence

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

**JEROME SCOTT**

Case No.:        **2022CV01537**

Plaintiff/Petitioner

vs.

**LUIS ARNULFO PEREZ; PASCHALL TRUCK LINES, INC.; JOHN DOE; JOHN DOE CORPORATION**
Defendant/Respondent

AFFIDAVIT OF SERVICE OF
**SUMMONS; COMPLAINT FOR DAMAGES; PLAINTIFF'S FIRST INTERROGATORIES, REQUESTS FOR ADMISSION AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PASCHALL TRUCK LINES, INC.**

Received by Ina Swinger, on the **27th day of July, 2022 at 10:26 AM** to be served upon **Paschall Truck Lines, Inc c/o Adam Holshouser at 661 Forest Parkway ste a, Forest Park, Clayton County, GA 30297.**
On the **27th day of July, 2022 at 2:25 PM**, I, Ina Swinger, SERVED **Paschall Truck Lines, Inc c/o Adam Holshouser at 661 Forest Parkway ste a, Forest Park, Clayton County, GA 30297** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **Larry Nixon VP of the Southeast Division** , on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Larry Nixon VP of the Southeast Division who indicated they were the person authorized to accept with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a gray-haired white male contact 55-65 years of age, 6'0"-6'2" tall and weighing over 300 lbs with glasses.**

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME:  *Ina Swings*                    N/A         7/27/22
Ina Swinger                          Server ID #              Date

Notary Public: Subscribed and sworn before me on this 27th day of July                    in the year of 20 22
Personally known to me ✓ or _____ identified by the following document:

Notary Public (Legal Signature)

*[Notary seal: RONALD L SMITH, NOTARY PUBLIC, HENRY COUNTY, GEORGIA, MY COMMISSION EXPIRES SEPTEMBER 1, 2025]*